

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYRONE HENDERSON,
on behalf of himself and others
similarly situated,

    Plaintiff,

v.

Civil Action No: 3:12CV109

INSTANT CHECKMATE LLC,

    Defendant.

## CLASS COMPLAINT

COMES NOW, the Plaintiff, **TYRONE HENDERSON**, on behalf of himself and all similarly situated individuals and for his Class Complaint, he states as follows:

### INTRODUCTION

1. Tyrone Henderson (hereinafter "Plaintiff") brings this class action against Defendant to obtain relief for himself and the class he proposes to represent for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, *et seq*.

2. Defendant sells background checks including criminal records for consumers nationwide. It offers such products without restriction and for any purpose, but it markets them for a range of uses and purposes that include many governed by the FCRA. This makes it a FCRA governed "consumer reporting agency" that compiles and maintains files on consumers on a nationwide basis.

3. Despite Defendant's governance by the FCRA, it operates literally as if the law

does not exist. It sells consumer reports to anyone for any reason. It refuses consumer demands for investigation and correction of inaccurate public records in Defendant's database. And it refuses to provide the free annual consumer report and other FCRA mandated free reports when requested by a consumer. Plaintiff brings a class claim under 15 U.S.C. § 1681g. The Plaintiff requested his consumer disclosure from the Defendant and a list of all inquiries made to the Defendant for his report. The Defendant refused to provide his report.

## JURISDICTION AND VENUE

4. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division.

5. The Plaintiff is a citizen of Richmond, Virginia and maintains all of the documents relevant to this dispute at his home in Richmond, Virginia.

## PARTIES

6. Plaintiff is a natural person and a "consumer" as protected and governed by the FCRA.

7. Defendant describes its business: "InstantCheckmate.com provides you with the most useful, detailed and important information on just about anyone. Whether researching criminal history, phone numbers, addresses, demographic data, census data, or a wide variety of other information, we help thousands of Americans find what they're looking for each and every day."

2

8. InstantCheckmate.com compiles reports from millions of public records including information provided by state and local governments. All of the information contained in its reports is derived from a public records database.

9. In its answer to the suggested question, "Who should I perform a search on?" Defendant states, "Our lead background check analyst recommends you perform searches on the following people:

- Your Family Doctor
- New Business Contact
- Child's Teacher or Coach
- Online Dating Match
- Babysitter / Daycare Worker
- People Who Owe You Money
- Daughter or Son's new Boyfriend / Girlfriend
- An Old Friend, Missing Relative, Even A Lost Love
- Gardener / Housecleaner
- And Anyone Else You Can Think Of..."

10. Defendant explains, "Our search results are compiled from a wide variety of sources. We can provide a very complete picture of a subject quickly and confidentially[.] The service is a great way for landlords, business professionals, parents, and folks from all walks of life to verify and review the identity of an individual, and reveal potentially significant information that could otherwise remain hidden. In the time it takes a person to fill out a rental application, you can know immediately who's on the other side of your desk."

11. Defendant is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

12. The data and reports Defendant sells are used and expected to be used for multiple

purposes governed by 15 U.S.C. § 1681b and the public records data included in each report bears on the credit history, credit worthiness, reputation, personal characteristics and mode of living of each respective consumer.

13. Defendant disburses consumer reports to third parties under contract for monetary compensation during the class period and currently.

## FACTUAL ALLEGATIONS

14. Beginning before 2009, the Plaintiff discovered that a large number of background check companies were reporting that he had suffered multiple felony criminal convictions in Westmoreland County, Pennsylvania.

15. The Westmoreland records did not belong to the Plaintiff. They regarded an unrelated man with a similar name, but entirely different social security number.

16. Nevertheless, each time the Plaintiff applied for a job, and a background check was obtained by the employer, regardless of the reporting agency used, his report came back with the falsely attributed Pennsylvania convictions. At least one of these episodes is now the subject of pending litigation in this Court.

17. Ever since, the Plaintiff has been engaged in a long enduring effort to clear his good name and to preemptively clean up the files at the many major background check companies that might sell his report, and the inaccurate Pennsylvania records, to another employer or other person before he could even find out.

18. In 2011, after learning of Defendant's prominence in the field, based on its online presence, Plaintiff wrote to Defendant and requested a full copy of his file, including all inquiries made to it and he disputed the inaccurate Westmoreland County records. (Exhibit "A").

19. Defendant responded to Plaintiff's request and his dispute as attached at Exhibit "B". Defendant refused to provide the Plaintiff's free annual consumer report or provide any of the FTC Summary of Rights under the FCRA.

20. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

21. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

22. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff and other members of the class of their rights under the FCRA.

23. Plaintiff alleges that Defendant's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

## COUNT I - VIOLATION OF THE FCRA § 1681g(a)
## (CLASS ACTION)

24. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

25. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "1681g Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who requested their consumer file from Defendant, (b.) within five years next preceding the filing of this action and during its pendency, and preceding the date on which the request was made. Excluded from the class

definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

26. **Numerosity.** FED. R. CIV. P. 23(a)(1). The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

27. **Existence and Predominance of Common Questions of Law and Fact.** FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant is a CRA, whether it provided the required consumer disclosures, whether it was required to do so and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery of this information. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

28. **Typicality.** FED. R. CIV. P. 23(a)(3)). Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

29. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

30. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

31. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

32. Defendant's failure to provide a free annual report and related disclosures required by the FCRA violated 15 U.S.C. § 1681g as to the Plaintiff and other members of the Section 1681g class.

33. The conduct, action, and inaction of Defendant was willful, rendering Defendant

liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

34. Plaintiff and other members of the putative class are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

35. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Section 1681g Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys' fees and costs pursuant to § 1681n.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

a. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

b. That judgment be entered for the class against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. §1681g pursuant to 15 U.S.C. § 1681n. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

c. That the Court grant such other and further relief as may be just and proper.

TRIAL BY JURY IS DEMANDED.

**TYRONE HENDERSON,**
**For himself and on behalf of all**
**similarly situated individuals.**

By: _[signature]_
Susan M. Rotkis
VSB 40693
CONSUMER LITIGATION ASSOCIATES, P.C.
Attorney for Plaintiff
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

Leonard A. Bennett
VSB #37523
Attorney for Plaintiff
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Phone: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

Dale W. Pittman
VSB #15673
Attorney for Plaintiff
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb Street
Petersburg, VA 23803-3212
Telephone: (804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com