UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TYRONE HENDERSON,<br>on behalf of himself and others<br>similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>INSTANT CHECKMATE LLC,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)    Case No. 3:12-cv-00109-REP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANT INSTANT CHECKMATE LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF TYRONE HENDERSON'S COMPLAINT

Defendant INSTANT CHECKMATE LLC ("IC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Local Rule 7(f), submits this Memorandum in Support of its Motion to Dismiss Plaintiff TYRONE HENDERSON'S ("Plaintiff") Complaint.

I.  **INTRODUCTION**

Plaintiff's Complaint is based on a single alleged violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq.*: IC allegedly failed to provide Plaintiff with a *free* annual consumer report and an accompanying FTC Summary of Rights in violation of 15 U.S.C. § 1681g. The Complaint fails to state a claim upon which relief can be granted for three reasons.

First, the Complaint is legally deficient because 15 U.S.C. § 1681g does not require a "consumer reporting agency" (a "CRA") to provide a *free* annual consumer report. Rather, this section, in general, merely identifies the items which CRAs are required to produce when they do make such a disclosure.

Second, even if the Complaint did allege a violation of 15 U.S.C. § 1681j(a)(1)(A), which requires two very specific types of CRAs to make a free annual disclosure, it would still be defective because it fails to allege that IC is one of these CRAs. The Complaint also fails to identify any facts which would make such an allegation "plausible" under *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Third, a CRAs obligation to provide a FTC Summary of Rights only arises under 15 U.S.C. § 1681g(c)(2) when it is obligated to make a written disclosure. Since the Complaint fails to adequately allege that IC was obligated to provide a free annual consumer report for the reasons discussed above, the "piggy back" allegation that IC violated 15 U.S.C. § 1681g by failing to provide a FTC Summary of Rights likewise must fail.

For these reasons, the Complaint must be dismissed.

## II.    FACTUAL ALLEGATIONS

The Complaint alleges the following: IC is a CRA which sells background checks, including criminal records, to third parties nationwide. (Complaint, ¶ 2.) Plaintiff discovered that a large number of background check companies were reporting he had multiple felony criminal convictions in Westmoreland County, Pennsylvania. (Complaint, ¶ 14.) However, these convictions did not belong to Plaintiff and instead regarded an unrelated man with a similar name but different social security number. (Complaint, ¶ 15.) As such, each time Plaintiff applied for a job and a background check was obtained by an employer, his report came back with the falsely attributed Pennsylvania convictions. (Complaint, ¶ 16.) Since this time, Plaintiff has been engaged in an effort to "preemptively clean up" his files at the major background check companies. (Complaint, ¶ 17.)

On November 9, 2011, Plaintiff wrote a letter to IC requesting a copy of his entire file and indicating he was entitled to "one free report every year". (Complaint, ¶ 18, Ex. A.) In response, IC "refused to provide a free annual consumer report or FTC Summary of Rights under

the FCRA." (Complaint, ¶ 19.)  IC's failure to provide these materials for free supposedly constituted a violation of 15 U.S.C. § 1681g.  (Complaint, ¶ 32.)

## III.   THE STANDARD OF REVIEW

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court set forth a two-step analysis to determine whether a complaint satisfies the pleading requirement of Rule 8.

First, a court must consider only the factual allegations of the complaint, as opposed to its legal conclusions and bare recitation of the elements of a claim.  Fed R. Civ. P. 8(a); *Iqbal*, 129 S. Ct. at 1949 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]") (internal citation omitted).

Second, a complaint must allege facts which plead a "plausible" claim, rather than merely a "possible" claim.  *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 555.

Importantly, numerous cases have held that these heightened pleading standards apply to FCRA cases.  *See, e.g., Adams v. LexisNexis Risk & Info. Analytics Group, Inc.*, 2010 WL 1931135 (D.N.J. May 12, 2010).

## IV.   ARGUMENT

The only issue raised in the Complaint is whether IC violated 15 U.S.C. § 1681g by not providing an annual consumer report and FTC Summary of Rights free of charge.  (Complaint, ¶ 32.) Nowhere in the Complaint is there any allegation that IC refused to provide this information upon receipt of its regular membership fee.  To the contrary, the Complaint specifically acknowledges IC "sells" background checks.  (Complaint, ¶ 2.)  As discussed below, the

Complaint must be dismissed because it does not plead a legally sufficient cause of action for the failure to provide these items free of charge.

### A.   The Complaint Is Legally Deficient Because 15 U.S.C. § 1681g Does Not Require Cras To Provide A Free Annual Consumer Report

Nowhere in 15 U.S.C. § 1681g is there any requirement that a CRA provide a free annual consumer report, or any discussion as to what CRAs can charge for such a disclosure. (These requirements and restrictions are set forth in 15 U.S.C. § 1681j, entitled "Charges for certain disclosures".) Rather, 15 U.S.C. § 1681g, in general, merely sets forth the specific information CRAs are required to provide when a written disclosure is made.

Because 15 U.S.C. § 1681g does not impose an obligation to provide a free annual report which IC allegedly violated, the Complaint's allegation that IC violated this section by failing to provide a free report is legally deficient.

### B.   The Complaint Does Not Plead Facts Giving Rise To A Plausible Claim

Even if the Complaint did allege that IC violated 15 U.S.C. § 1681j(a)(1)(A) (instead of 15 U.S.C. § 1681g) by failing to provide a free annual disclosure, it would still fail to state a claim because it does not plead facts which give rise to a plausible claim under *Twombly* and *Iqbal*.

15 U.S.C. § 1681j(a)(1)(A) only identifies two types of CRAs which are required to provide free annual disclosures, those that are described in subparts (p) and (x) of 15 USC § 1681a:

> § 1681j.  Charges for certain disclosures
>
> (a) Free annual disclosure.
>> (1) Nationwide consumer reporting agencies.
>>> (A) In general. ***All consumer reporting agencies described in subsections (p) and (x) of section 603 [15 USC § 1681a]*** shall make all disclosures pursuant to section 609 [15 USC § 1681g] once during any 12-month period upon request of the consumer and without charge to the consumer. (Emphasis added)

CRAs that satisfy the definitions set forth in 15 U.S.C. § 1681a(p) or 15 U.S.C. § 1681a(x) are commonly referred to as "Nationwide CRAs" and "Nationwide Specialty CRAs", respectively.

4

## 1.    Nationwide CRAs

A "Nationwide CRA" is a CRA which assembles "public record information" and "credit account information" which bears on an individual's credit worthiness, credit standing or credit capacity:

> (p) Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis.
>
> The term "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" means a consumer reporting agency that regularly engages in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a *consumer's credit worthiness [creditworthiness], credit standing, or credit capacity*, *each* of the following regarding consumers residing nationwide:
> (1) Public record information.
> (2) *Credit account information* from persons who furnish that information regularly and in the ordinary course of business.  (15 U.S.C. § 1681a(p) (emphasis added).)

In other words, collecting or reporting just credit account information or just public record information is not enough, as both are required for a CRA to be considered a Nationwide CRA.

Here, the Complaint fails to allege any facts which suggests IC "assembles", "evaluates" or "maintains" a consumer's "[c]redit account information".

## 2.    Nationwide Specialty CRAs

A "Nationwide Specialty CRA" is a CRA which compiles files relating to medical records or payments, residential or tenant history, check writing history, employment history or insurance claims:

> (x) Nationwide specialty consumer reporting agency.
>
> The term "nationwide specialty consumer reporting agency" means a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis relating to—
> (1) medical records or payments;
> (2) residential or tenant history;
> (3) check writing history;
> (4) employment history; or
> (5) insurance claims.  (15 U.S.C. § 1681a(x).)

Here, the Complaint alleges Plaintiff has been turned down for employment because he was confused with another individual who had multiple *criminal* convictions.  It further alleges

Plaintiff requested a copy of his file from IC, including all inquiries made as to the erroneous *criminal* convictions. (Complaint, ¶¶ 14-18.) It likewise claims IC sells "background checks including *criminal* records for consumers nationwide". (Complaint, ¶ 2 (emphasis added).)

But a criminal history is not one of the five categories of information identified in 15 U.S.C. § 1681a(x). As such, the allegations that IC provides criminal background searches are insufficient as a matter of law to support a claim that IC is a Nationwide Specialty CRA. Moreover, the Complaint does not allege that IC "compiles and maintains" files relating to any of the five categories set forth in this section.

### 3.  Analysis

Even if the Complaint alleged a violation of a CRAs obligation to provide a free annual consumer report under 15 U.S.C. § 1681j(a)(1)(A), it would still be defective because it does not allege the facts needed to support a plausible claim under *Twombly* and *Iqbal*. Specifically, nowhere does it allege IC is a Nationwide CRA, or that it assembles, evaluates or maintains a consumer's credit account information. Likewise, the Complaint does not allege IC is a Nationwide Specialty CRA, or that it compiles and maintains files relating to any of the five categories set forth in that section.

### C.  Plaintiff's Claim That IC Violated Its Obligation To Provide A FTC Summary Of Rights Is Deficient Because The Complaint Fails To Adequately Allege IC Was Obligated To Make A Free Annual Disclosure

15 U.S.C. § 1681g(c)(2) obligates a CRA to provide a FTC Summary of Rights when it makes a "disclosure":

> Summary of rights required to be included with agency disclosures.
>
> A consumer reporting agency shall provide to a consumer, **with each written disclosure** by the agency to the consumer under this section—
> (A) The summary of rights prepared by the Bureau under paragraph (1).
> (15 U.S.C. § 1681g(c)(2) (emphasis added).)

It thus goes without saying that if a CRA was not obligated to make a "written disclosure", it likewise was not obligated to provide a FTC Summary of Rights.

Because the Complaint fails to adequately allege IC was obligated to make a "written disclosure" for the reasons discussed above, it likewise fails to adequately allege IC was obligated to provide a FTC Summary of Rights.  Plaintiff's "piggy back" allegation that IC breached its obligation to provide a FTC Summary of Rights is thus legally defective.

## V. CONCLUSION

For the reasons discussed herein, IC respectfully requests that its Motion be granted.

Dated:  April 13, 2012.                    Respectfully submitted,

                                           INSTANT CHECKMATE, LLC

                                           By Counsel

                                           /s/ Hanna Lee Blake
                                           Hanna Lee Blake (VSB No. 70026)
                                           Alexander N. Lamme (VSB No. 45553)
                                           Counsel for Instant Checkmate LLC
                                           WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
                                           8405 Greensboro Drive, Suite 100
                                           McLean, Virginia  22102
                                           Tel: (703) 749-1000
                                           Fax: (703) 893-8029
                                           Email: hblake@wthf.com
                                           Email: alamme@wthf.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2012, I served a true and correct copy of the foregoing via the Court's electronic filing ("CM/ECF") system and First Class U.S. Mail to:

Leonard A. Bennett (VSB No. 37523)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
Email: Lenbennett@clalegal.com

*Counsel for Tyrone Henderson*

/s/ Hanna Lee Blake
Hanna Lee Blake (VSB No. 70026)
Alexander N. Lamme (VSB No. 45553)
Counsel for Instant Checkmate LLC
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
Tel: (703) 749-1000
Fax: (703) 893-8029
Email: hblake@wthf.com
Email: alamme@wthf.com